-UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AZTEC DEVELOPMENT CO.,

    Plaintiff,

v.                                   Case No: 6:13-cv-515-Orl-28TBS

LIBERTY INSURANCE
CORPORATION,

    Defendant.
_____

## ORDER

Aztec Development Co. sued Liberty Insurance Corporation for a declaratory judgment that Liberty insured Aztec for property damage. Liberty filed a Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 10). The Court has considered the parties' filings and oral argument presented at a hearing on September 13, 2013. Because Liberty was improperly joined under Florida law and Aztec has not indicated that the Amended Complaint can be successfully amended to comply with Florida law, Liberty's motion to dismiss is **GRANTED**.

I.    **Background**

According to Aztec's Amended Complaint, (Doc. 2), in April 2011 Aztec submitted a subcontract bid to American Persian Engineers & Constructors, Inc. (APEC) for dredging on a lake drainage project. After negotiation, Aztec and APEC executed a subcontract. The subcontract provided that Aztec would rent items of Aztec's equipment to APEC and required APEC to list Aztec as a named additional insured on APEC's insurance policy. Liberty was APEC's liability insurance provider.

Aztec alleges in the Amended Complaint that APEC used three pieces of equipment belonging to Aztec, each of which was damaged. Two pieces of its equipment—a MudCat Model MC15 Diesel Dredge and a Mini-Swinger Dredge—were allegedly damaged as the result of APEC's negligence. Aztec further alleges that components of its Fusing Machine were stolen due to APEC's failure to post anti-theft construction site warnings. Aztec brought two claims in state court against APEC—breach of contract for failing to insure Aztec's equipment (Count I) and negligence in APEC's use of Aztec's equipment (Count II)—as well as one count against Liberty seeking declaratory relief (Count III). Count III does not allege negligence of APEC as a basis for relief sought and appears to be a first-party action against Liberty for property damage. Thereafter APEC and Aztec entered into a settlement, and the state court dismissed the case against APEC with prejudice. (Final Order of Dismissal, Doc. 1-3 at 1; Joint Stipulation, Doc. 1-3 at 2). Liberty, the only Defendant remaining, removed the case to this Court. (Notice of Removal, Doc. 1).

In its motion to dismiss, Liberty argues that under Federal Rule of Civil Procedure 12(b)(6), Aztec did not and cannot state a claim upon which relief can be granted because the Liberty insurance policy under which Aztec claims it is an additional insured is a liability insurance policy that only provides coverage for its insureds' liability to third parties. Aztec, Liberty argues, is making only a first-party coverage claim for damage to its own equipment, and therefore Liberty is not liable for Aztec's damages because it provided only liability coverage and not coverage for lost or damaged property. Aztec responded that its "claims are not so narrow" and that it is making a

third-party claim based on APEC's alleged negligence as well as a first-party claim. (Resp. Opp'n Liberty Insurance Corp.'s Mot. to Dismiss, Doc. 16 at 2-3).

The Court scheduled oral argument so that the parties could address the issues of 1) whether Aztec has abandoned its first-party claim for coverage as an insured; 2) whether section 627.4136, Florida Statutes, bars Aztec's third-party claim against Liberty; and 3) how the termination of APEC as a Defendant affects the posture of the case. (Notice of Hearing, Doc. 18). At oral argument, Aztec abandoned its first-party claim for coverage and argued that Florida law does not bar a third-party suit by Aztec against Liberty because Aztec settled with APEC. Under this theory, Aztec suggested that it be allowed to further amend the complaint to incorporate allegations of APEC's negligence. Liberty, however, maintained that it was improperly joined and that Aztec stated no third-party claim because the negligence allegations against APEC were not incorporated into the declaratory relief claim against Liberty.

## II. Motion to Dismiss

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). Facial plausibility requires the plaintiff to plead facts allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S.

at 556). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

### III. Nonjoinder of Insurers

It appears that Aztec originally sued Liberty as a first party under the theory that it was insured for property damage under the terms of Liberty's liability policy issued to APEC. After settlement with APEC, Aztec has attempted to morph its claim into a third-party negligence claim. Under this new theory, any relief against Liberty would necessarily be based on APEC's negligence, and as noted, Aztec earlier settled that claim with APEC.

Florida law provides:

> It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.

§ 627.4136(1), Fla. Stat. (2013). In addition, the statute provides that a liability insurer may be joined

> [a]t the time a judgment is entered or a settlement is reached during the pendency of litigation . . . for the purposes of entering final judgment or enforcing the settlement . . . , unless the insurer denied coverage under the provisions of s. 627.426(2) or defended under a reservation of rights pursuant to s. 627.426(2).

Id. § 627.4136(4). Section 627.426(2) provides that a liability insurer cannot "deny coverage based on a particular coverage defense" without following the statutory requirements of notification to the insured of reservation of rights to assert the defense and either notifying the insured of its refusal to defend the insured, obtaining a

nonwaiver agreement from the insured, or retaining independent counsel. Id. § 627.426(2).

Because Aztec has abandoned its first-party claim, under the statute it is considered "a person not an insured" for the purposes of determining whether it properly can maintain a third-party claim. In addition, the parties agree that § 627.4136(4) applies.

It is clear from the documents submitted by the parties that Aztec improperly joined Liberty because at the time of the original suit, both Liberty and APEC were named Defendants, and Aztec settled with APEC at a later date. And, while joinder can be proper for the purposes of enforcing a settlement, here there is no indication that Aztec is suing to enforce the settlement. Instead, Aztec seems to be suing to recover losses that it failed to collect in its settlement with APEC. Thus, Liberty was improperly joined, and Aztec has not established that its Amended Complaint can be successfully amended to comply with Florida statutes.

In accordance with the foregoing, it is hereby **ORDERED AND ADJUDGED** that:

1. Liberty's Motion to Dismiss (Doc. 10) is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE**.

2. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Orlando, Florida on September 18, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties